25 CV 437-JLS

Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK



FILED

MAY 2 1 2025

MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
### (Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**A.**    **Full Name of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

Shawnese Williams (Pro Se)

**-vs-**

**B.**    **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. Bflo. & Erie County Library
2. Jeannine Purtell
3. Kevin O'Neil

4. Rich Canazzi
5. 
6. 

### 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
*All of these sections **MUST** be answered*

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A. Basis of Jurisdiction in Federal Court: Civil Rights ; involving discrimination violations.

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B. Reason for Venue in the Western District: The Plaintiff resides in the Western District; along with the Defendants rise to lawsuit occurred

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C. Nature of Suit: Civil Rights ; Charge of Discrimination (ADEA); The Americans with Disabilities Act (ADEA) ; The Genetic Information Nondiscrimination Act (GINA)

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: Shawnese Williams

Present Address: 95 Edison Ave, Bflo. NY. 14215

Name of Second Plaintiff: N/A

Present Address: N/A

**DEFENDANT'S INFORMATION  NOTE:** *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: Buffalo & Erie County Public Library

Official Position of Defendant (if relevant): Employer

Address of Defendant: 1 Lafayette Square, Buffalo, NY. 14203

Name of Second Defendant: Jeannine Purtell

Official Position of Defendant (if relevant):

Address of Defendant: 1 Lafayette Square, Buffalo, NY. 14203

Name of Third Defendant: Kevin O'Neil   & Name of Fourth Def.: Rich

Official Position of Defendant (if relevant): Canazzi.

Address of Defendant: 1 Lafayette Square, Bflo, NY. 14203

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.   Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**

Yes ☐   No ☑

**If Yes, complete the next section.** NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.   Name(s) of the parties to this other lawsuit:

Plaintiff(s): N/A

Defendant(s): _N/A_____

_____

2. Court (if federal court, name the district; if state court, name the county): _N/A_____

_____

3. Docket or Index Number: _N/A_____

4. Name of Judge to whom case was assigned: _N/A_____

5. The approximate date the action was filed: _N/A_____

6. What was the disposition of the case?

Is it still pending? Yes ☐ No ☐  N/A

If not, give the approximate date it was resolved. _N/A_____

Disposition (check those statements which apply):

N/A

☐ Dismissed (check the statement which indicates why it was dismissed):

☐ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

☐ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

☐ By court due to your voluntary withdrawal of claim;

N/A

☐ Judgment upon motion or after trial entered for

☐ plaintiff

☐ defendant.

---

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action.  You **must** include a statement of the facts which you believe support each of your claims.  In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted.  Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

**A. FIRST CLAIM:** On (*date of the incident*) _3-2-2023_____,

defendant (*give the **name and (if relevant) the position held** of **each defendant** involved in this incident*) _____

Jeannine Purtell (Director); Kevin O'Neil (Senior Building Guard) Rich Canazzi (Union President of 1095)

did the following to me (*briefly state what each defendant named above did*): Jeannine Purtell did denied equal terms, conditions and privileges of employment because I am African-American and because I am Female. I filed complaints with Management; I have been Retaliated against ever since and no action has been taken to prevent the discriminatory conduct. Kevin O'Neil; Repeatedly denied Reasonable accommodations on the job for my disabilites. Specifically, I was denied accommodations in 3/2023 in regard injury while at work.

The federal basis for this claim is: Discrimination statutes Civil Rights Act of 1964, the Americans with Disabilities Act and other applicable Federal, state and local Anti-

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:
As the plaintiff; I want to be compensated a two years of salary equaling the amount of 90k

**B. SECOND CLAIM:** On (*date of the incident*) April 11, 2023 based on my sex and, defendant (*give the name and (if relevant) position held of each defendant involved in this incident*) race; Jeannine Purtell & Kevin O'Neil & Rich Canazzi; did subject me to be intimidated by ordering me to go to enclosed location to

did the following to me (*briefly state what each defendant named above did*): be subject bey having to investigators question be in regards to complaints without any union officials or Employer supervisors; in order to intimidate and cause fear to discontiue employment. Based on the above, I believe that I have been discriminated against because of race, sex, and disability (including record of disability and being Retaliated against in violation of these statutes.

The federal basis for this claim is: Supported by video; documents of the original complaint (including records of disability in violation of Title VII of civil Rights.

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:
Plaintiff wants to be compensated five years of Security Salary.

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

4

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

See attached Summary

Do you want a **jury trial**? Yes ✓  No ☐

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _____ 5/21/25 _____
(date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Shaurese Willis

Signature(s) of Plaintiff(s)

I, Shawnese Williams, am an African American (black). I have disabilities. Because of this I have been discriminated against.

I began my employment at the Buffalo and Erie County Library Central address: 1 Lafayette Square, Buffalo, New York 14203; phone (716) 858-8900; on November 19th 2022; my position was as is a Security Guard.

I have been unable to perform my duties with or without reasonable accommodations.

During my employment I have been subjected to race and sex discrimination. For example I have been called "retarded". Because I am a woman. Officers have stated they hope I got my ass kicked and refused to support me causing me to get injured while on duty in the library.

Upon information and belief, officer supported a violent patron and continue to allow this patron into the workplace to cause injury and harm to me which is video documented.

I believe that I have been denied equal terms and conditions and privileges of employment because I am African American and I am female with the disability that was further cause due to the work environment created by the attempts of retaliation after reporting incidents to management.

On April 11, 2023 based on my sex and race of being a black woman; I was targeted by the Erie County Sherriff who is contracted to work at my place of employment. In which on this day in question an Erie County Sherriff (Brandon) unknown last name; however, my employer knows his name of this Sherriff and refuses to provide.

In this incident, I called for assist over the radio for the Sherriff for an unruly patron who was intoxicated refusing to leave out the right door (Washington).

The reply I received from the Sherriff was uncalled for which was stated, "Don't start No bullshit". And when they were asked to repeat it; they stated, "Never mind".

I was then assisted by Security guard Henry Baranski with the unruly patron.

Approximate 5:15pm the same Sherriff came down to the ground floor while I was in the office and say "When are you going to Stop starting bullshit". And that why you suck at your job and Good luck on unemployment, And Don't call the Sherriff when you get your ass beat!"

 The Sherriff then went in the back and came back out and stated that he was going to make sure I lose my job or get my ass beat by discrimination because I am black; also called me a retard because I am a woman.

 I feel very threatened, and I want to seek further actions, this situation has called my blood pressure and a stressful work environment.

 After reporting this incident to my Supervisor Cheryl Kwiatkowski, this particular Sherriff was removed from the Buffalo and Erie County Library Central and I was sent home for 4 hours with pay until his the job site.

 On April 21, 2023; Supervisor Kevin O'Neil based on my race; did racial discriminate by stating that I knew an unruly patron (Suleiman Eatman) who tried to attack me because he was black and I am black; I've never seen this person in my life. Kevin O'Neil continued to label me as to knowing black patrons as to asking me if I knew them because I am black.

 May 1, 2023; I reported sexually harassment against Soraya Rondon to human resources/ Judy Fachko; this incidents was put in writing and a meeting was called between myself, Kevin O'Neil and Judy Fachko. In this meeting, my Supervisor Kevin O'Neil stated," This better stay in house", and I feel that because of my sex he abused his authority as man.

 In June 2023 Kevin O'Neil handed me a file and stated an investigator wanted to talk to me in regards of the incident that happen with the Sherriff on April 11, 2023; This investigator came into to the Library requesting my personal cellphone number and later called me and told me to ask my Supervisor Kevin O'Neil to meet him down by the Marine downtown On 6/14/2023; Where to Cops threaten me by saying they didn't believe me in regards to what the Sherriff had stated to me also stated that they are Cops and force me to identify photos of witness during the incident with the Sherriff on April 11, 2023; I was again discriminated against without union or staff in regards of my where about; because I am a black woman.

 May 18, 2023; I had to take it in my own hands as Parton Xavier McClain threaten me numerous times and was allowed back in the library and on

Camera the Sherriff walked him out of the library pounded the Patron up with a fist pump; as being in cahoots' with person to cause harm to me.

On May 30, 2023, I again reached out for help in regards to Kevin O'Neil unfair treated in scheduling and in regards to threats I received by Patrons whom at this point I lost all guard protects; I wrote human resources and nothing got resolved and actually has got worse;

In which, I am now under scrutiny and now Supervisor Kevin O'Neil boss Jeannine Doyle has begun to part take in similar actions thru emails; stating I don't want to work; I work when I'm told.

Although white male and female's guards; are held under the same scrutiny; get weekends off, although I have more time on job for example: Amanda Hernandez and Robert Foster.

On July 18, 2023 approximately 5:35pm, Robert Foster which is new hirer stated, Kevin O'Neil pulled he in the office to told him he wants to see him make me to more work. By stating, "Make her check all the bags". This stated was stated in front of Amanda Hernandez; this was because retaliation and due to my race, sex, age. I am a woman over 50 years of age.

I was terminated on workers comp after being injured at work due to the results of a violent patron.

I then was denied accommodations on scheduling and additional to having documentation by a physician.

My employer stated I fail the civil service exam however I never taken This is exam because I wasn't giving the proper opportunity on scheduling to take it.

The union representative did not represent me nor had no course of action to protect my employment however further collected my union dues and had no recourse or service for me.

Plaintiff is looking to be compensated monetary due to violations:

Per civil rights act of 1964, the Americans with disability act and other applicable federal and state local anti-discrimination statute I further believe that I have been retaliated against in violation of these statutes and expect to be a compensated 500k monetary.

Respectfully Submitted,

Shawnese Williams



Buffalo & Erie County Public
LIBRARY

April 11, 2024

**SUBMITTED VIA ONLINE PORTAL**

U.S. Equal Employment Opportunity Commission
300 Pearl Street, Suite 450
Buffalo, New York 14202

RE:   Shawnese Williams v. Buffalo & Erie County Public Library,
      Charge No.: 525-2023-02102

This office is in receipt of the above-referenced Charge of Discrimination dated 2/28/24 and forwarded 3/3/24. I submit this position statement on behalf of the named respondent the Buffalo & Erie County Public Library ("Respondent" or "B&ECPL") in my capacity as Deputy Director, Chief Operating Officer. As COO, I oversee both the Human Resources and Security Departments and much of this response is based on my personal knowledge.

## Description of organization:

Buffalo & Erie County Public Library (B&ECPL)
1 Lafayette Square
Buffalo, NY  14203

Contact:
Jeannine Purtell
Phone: 716-858-7191
Email: purtellj@buffalolib.org

The B&ECPL is a public library with a Central Library, 8 branch libraries in the City of Buffalo, and 22 contracting libraries within Erie County.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/21/2025

**To:**  Shawnese Williams
95 Edison Ave.
Buffalo, NY 14215
Charge No: 525-2023-02102

EEOC Representative and email:     SAMANTHA SALAZAR
Investigator
Samantha.Salazar@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Signed By:Rayford O. Irvin
02/21/202/25
Rayford O. Irvin
District Director

**cc:**     Jeannine Purtell, Deputy Director
Buffalo & Erie County Public Library
1 Lafayette Square
Buffalo, NY 14203

Please retain this notice for your records.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Buffalo Local Office**
300 Pearl St, Suite 450
Buffalo, NY 14202
(716) 431-5007
Website: www.eeoc.gov

Shawnese Williams

Re: Shawnese Williams v. BUFFALO & ERIE COUNTY PUBLIC LIBRARY
    EEOC Charge Number: 525-2023-02102

### NOTICE OF TRANSFER OF Charge of Discrimination

This is to notify you that the above-referenced Charge of Discrimination has been transferred to the Houston District Office for Workload Redistribution. Please make all future contact regarding this charge to:

    Houston District Office
    1919 Smith Street 6th Floor
    Houston, TX 77002
    Phone: (346) 327-7700
Email: HoustonIntake@EEOC.GOV

On Behalf of the Commission:

Digitally Signed By:Yaw Gyebi, Jr.
12/08/2024

Yaw Gyebi, Jr.
District Director

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Buffalo Local Office**
300 Pearl St, Suite 450
Buffalo, NY 14202
(716) 431-5007
Website: www.eeoc.gov

Shawnese Williams

Re: Shawnese Williams v. BUFFALO & ERIE COUNTY PUBLIC LIBRARY
EEOC Charge Number: 525-2023-02102

### NOTICE OF TRANSFER OF Charge of Discrimination

This is to notify you that the above-referenced Charge of Discrimination has been transferred to the Houston District Office for Workload Redistribution. Please make all future contact regarding this charge to:

Houston District Office
1919 Smith Street 6th Floor
Houston, TX 77002
Phone: (346) 327-7700
Email: HoustonIntake@EEOC.GOV

On Behalf of the Commission:

Digitally Signed By:Yaw Gyebi, Jr.
12/08/2024

Yaw Gyebi, Jr.
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/21/2025

**To:**  Shawnese Williams
95 Edison Ave.
Buffalo, NY 14215
Charge No: 525-2023-02102

EEOC Representative and email:    SAMANTHA SALAZAR
Investigator
Samantha.Salazar@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Signed By:Rayford O. Irvin
02/21/202/25
Rayford O. Irvin
District Director

**cc:**    Jeannine Purtell, Deputy Director
Buffalo & Erie County Public Library
1 Lafayette Square
Buffalo, NY 14203

Please retain this notice for your records.

Respondent's Position Statement, Charge No. 525-2023-02102
April 11, 2024
Page 2 of 11

## Response to Allegations:

Respondent lacks knowledge or information sufficient to either admit or deny that Shawnese Williams ("Williams") is a qualified individual with a disability.

Respondent denies that Williams worked for Respondent since November 19, 2022. Respondent admits that Williams' last position was Building Guard.

Respondent denies that around May 2023 Williams requested a reasonable accommodation.

Respondent denies that Williams was denied her request for reasonable accommodation.

Respondent denies that Williams requested accommodation was to allow her to change her shift from the night shift a less isolated shift.

Respondent lacks knowledge or information sufficient to either admit or deny that the request would allow Williams to better manage her disability.

Respondent admits that Williams is a Black/African American female.

Respondent denies that other employees who are white, Hispanic males and females, many with less seniority are treated with less scrutiny and permitted to rotate shifts.

Respondent denies that Williams is forced to remain on the night shift.

Respondent admits that Williams complained about disparate treatment to management.

Respondent denies that after Williams complained she was discharged from her employment.

Respondent admits that on or about September 14, 2023, Williams was discharged from her employment.

Respondent denies that Williams was denied a reasonable accommodation and discriminated against based on her race and sex.

Respondent's Position Statement, Charge No. 525-2023-02102
April 11, 2024
Page 3 of 11

Respondent denies that Williams was discharged from her employment in retaliation for having complained about discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, or the Americans with Disabilities Act, as amended.

*Not True*

## POSITION STATEMENT

<u>Background:</u>

The Buffalo & Erie County Public Library serves a large and diverse population of library patrons at the Central Library and its eight branch libraries in the City of Buffalo.  It is part of our mission to provide open, equal and free access to information and library services.  One of the Library's most diverse departments is the Security Department which employs individuals in the titles of Watch Attendant, Building Guard, Building Guard Shift Supervisor and Senior Building Guard (guards).  On or about July 26, 2023, there were 15 individuals employed in Watch Attendant or Building Guard positions (4 Black Females including Williams, 2 Hispanic Females, 5 Black Males, 1 Hispanic Male, and 3 White Males).

The Central Library has Security staff assigned 24 hours a day, 7 days a week even when the building is closed to the public.  The number of guards scheduled depends on peak times during open hours.  Open hours are: Monday -Thursday 8 AM to 7 PM, Friday and Saturday 9 AM to 5 PM, and Sundays 12 PM to 5 PM.  There are various shifts throughout the day during open hours when multiple guards are scheduled, and two shifts where a guard may be scheduled alone when the building is closed, including overnight.

Building Guards are primarily responsible for maintaining safety and security of library patrons, staff and property, which includes enforcing the Rules of Conduct and removing patrons from the library who are engaging in misconduct.  The job of a Building Guard at the Central Library in Buffalo where Williams was assigned involves walking throughout the 400,000 sq. foot building, and either sitting or standing at a designated post. There are several posts throughout the main floor and it is practice for the guards to move from post to post for coverage purposes.

Respondent's Position Statement, Charge No. 525-2023-02102
April 11, 2024
Page 5 of 11

appointment. During the course of her employment, in January 2023, Williams was notified of the examination and her need to apply and sit for the exam. Upon information and belief, Williams took the exam. Following the scoring of the exam, in September 2023, the B&ECPL was provided the list of eligible candidates for permanent appointment and Williams was not on the list, indicating if she took the exam she did not receive a passing score. Therefore, Williams was not eligible for permanent appointment to the position of Building Guard.

On September 7, 2023, Williams and three similarly situated Building Guards (provisional employees who took and did not pass the exam) were sent letters, addressed specifically to each, notifying them they could not be permanently appointed but offered ability to reapply for their provisional position or accept a lower level Watch Attendant position which did not require future examination. The three consisted of 1 Black female, 1 Hispanic female and 1 Black male.

**All documents referred to in this Section are attached as Exhibit A.**

<u>Schedules:</u>

From the time Williams started employment, Senior Building Guard Kwiatkowski handling scheduling and was the supervisor of the guards. On or about April 11, 2023, Kevin O'Neil, a white male, began work as the Director of Security and Safety Management. O'Neil was tasked with oversight of the Security Department, hiring additional staff and making changes as needed to address the concerns with the teen crowds. Shortly thereafter O'Neil, with permission of the union, began offering 10 or 12 hour shifts to guards who voluntarily wanted to work a 10 or 12 hour shift.

On May 16, 2023, O'Neil emailed Williams and the other guards notifying them that he would be taking over the scheduling June 1 and asking for everyone to submit their preferences. Guards were promised their preferences would be considered, but not guaranteed, based on the needs of the Department. Williams responded on May 16, 2023 with the following availability totaling 56 hours a week:

| | |
|---|---|
| Monday: | 4:00 pm to 12am |
| Tuesday: | 12pm to 12am |
| Wednesday: | 12pm to 12am |
| Thursday: | 12pm to 12am |
| Friday: | 12pm to 12am |
| Saturday: | N/A |
| Sunday: | N/A |

Thereafter, Williams made a several requests to change her schedule, many were honored by O'Neil. At no time during this time period did Williams state that her schedule needed to be changed due to a disability or that the request was to allow Williams to change her shift from "the night shift a less isolated shift." Rather the schedule changes were requested for a variety of reasons including: working too much overtime, working another job, having a family, concert tickets, her son's birthday, and to observe her religious rights.

On May 23, 2023, Williams requested she not be scheduled on Monday, May 29 stating, "I am NOT working all these hours." On May 25, 2023, Williams' stated she would like to work only a 40 hour week. She said the 12 hour shifts were killing her. She also stated that the schedule had her listed as off on June 2, but she could work 8am-4pm. She had previously said she could not work her usual shift of 4pm-12pm on June 2, 2023 because she had plans that evening, so she was given the day as a vacation day and another guard was scheduled to work. This was the first documented instance of a request for an earlier shift, however, it was specific to that date and not based on a need to accommodate a disability. A second instance was on June 1, Williams requested that if she have to be scheduled on June 15, 2023 that it be an early shift. No reason was given for that request.

The schedule reflects that from the pay period following Williams' email May 25 to the last day she was scheduled to work, her request for no 12 hour shifts was honored. She was consistently scheduled for 4pm-12am shifts Tuesday- Saturday with Sunday and Monday off as her "NS" or not scheduled days. Limited exception was made to this consistent schedule, including the one-time need to change schedule last minute due to mandatory military leave of another guard.

On or about June 30, 2023, O'Neil was notified of a military leave for one of the guards (a white male Building Guard, hired after Williams) the following pay period. The schedule had already been established and distributed. O'Neil reached out to every guard individually, including Williams, and offered an option of changing their scheduled shifts or taking overtime hours in order to ensure coverage for the military leave. Williams was not treated differently than any other guard in being provided these options. Williams responded to the email several times with various demands and complaints.

First, Williams said she could not work Sundays because she is working part-time at another job due to her time being cut (despite her May request that her hours be reduced). Later that same day she responded asking what her regular days off were.

The offer for change or OT would have resulted in her working on a regular day off, but it was limited to this instance.

Then the following day on July 1 Williams responded to the same email saying she cannot work Sundays for religious reasons; she also requested a union representative and that she felt targeted and discriminated against. Writer responded, included union representative, provided links to the EEO and Anti-Harassment Policy and Complaint Form, and asked her to contact HR regarding her request for religious accommodation. Williams did not submit the complaint form.

**All documents referred to in this Section are attached as Exhibit B.**

**Complaints against O'Neil:**

On May 30, Williams sent an email to HR and others, stating there is tension between her and her supervisor (O'Neil). She alleged that O'Neil asked her if she knew a patron who was black, and stated it was offensive and racial profiling. Williams also said she texted O'Neil late one night and now he is not saying good morning. Lastly, she says she emailed him about working June 10 because she can't work 4pm-12am.

Judy Fachko (Fachko), Assistant Deputy Director of Human Resources, met with Williams on May 31, 2023 and investigated her concerns. Fachko learned that a couple weeks prior, O'Neil had met with Pastor Tim Newkirk from the Peacemakers, and he recommended that Williams be assigned at the Washington Street post in the afternoons, because she was good at identifying patrons who had previously been problems. O'Neil spoke to her the following day and informed her of the assignment, and assured her that Peacemakers would also be present to assist with identification. The assignment was based on Williams' skill in identifying patrons, as recognized by both O'Neil and Newkirk. It was not based on race, nor was O'Neil racially profiling her. This was explained to Williams.

Williams emailed O'Neil on June 9, 2023 and apologized for her late night texts and thanked him for accommodating her requests that weekend. On June 12, 2023 O'Neil responded positively to Williams' email indicating he was glad to have her as part of the team and that he is happy to help. Williams' responded June 13, 2023, indicating that she is available all shifts and please feel free to call her if needed.

On July 24, 2023 Williams called Fachko and alleged that O'Neil was targeting her. Fachko asked how and Williams shared texts between O'Neil and Williams when

Williams failed to return completed FMLA paperwork that was mailed to her on July 25, 2023 and emailed to her healthcare provider, as requested, on August 7, 2023. She also failed to return the Reasonable Accommodation paperwork that was mailed to her on July 28, 2023 and also emailed to her healthcare provider, as requested, on August 7, 2023.

Nothing was received by HR, other than demands for NYS Disability paperwork. Williams and her health care provider were notified that the B&ECPL did not participate in NYS Disability.

On August 16, 2023, a letter was sent to Williams informing her that in order to continue her leave without pay (LWOP) she must provide documentation to substantiate the leave. The letter advised that the current leave would expire September 8, 2023 unless documentation is received. On September 6, Fachko sent Williams another letter advising that documentation had not been received and that her LWOP was to expire on September 8, 2023.

**All documents referred to in this Section are attached as Exhibit D.**

<u>Separation from Employment:</u>

On September 7, 2023, Williams and three similarly situated Building Guards (provisional appointees who did not pass the exam) were sent letters, addressed specifically to each, notifying them they could not be permanently appointed but offered ability to reapply for their provisional position or accept a lower level Watch Attendant position which did not require an examination. The three consisted of 1 Black female, 1 Hispanic female and 1 Black male.

On September 14, 2023, Williams was notified that her employment was being ended. The letter provided that the B&ECPL could not place her on extended leave without pay because she had not substantiated her need for leave.

Despite her inability to report to work, or her failure to return medical documentation to support her need for leave, Williams later returned the letter indicating her desire to be reappointed provisionally as a Building Guard or permanent probationary as a Watch Attendant. She was notified she could reapply and would be considered if her circumstances changed and she was able to return to work.

**All documents referred to in this Section are attached as Exhibit E.**

Respondent's Position Statement, Charge No. 525-2023-02102
April 11, 2024
Page 10 of 11

## CONCLUSION

In summary, the Charging Party, Shawnese Williams, was not unlawfully denied a reasonable accommodation, nor was she discriminated against based on her race, gender or any other protected class. Williams was not subject to disparate treatment and she was not terminated in retaliation for her complaints. The Charge fails to demonstrate any evidence of discrimination or unlawful action by Respondent in violation of Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act of 1990, as amended.

Williams did not advise Respondent of a disability at the time of her application, employment, or during the course of her employment. To date, including within the Charge, Williams fails to state a qualified disability. Upon receiving notice that she was under the care of a mental health provider, Respondent promptly began the reasonable accommodation process and granted a temporary accommodation. The notice from the health care provider only stated that Williams was under her care. It did not refer to a disability. It simply stated she needed to be out of work, but did not provide a basis for the need to be out of work or an anticipated return date. Williams was provided sufficient time to substantiate a disability and need for accommodation. Williams failed to engage in the interactive process, despite Respondent's efforts to facilitate the process and establish a leave of absence.

Williams' requests to change her schedule during the course of her employment cannot be deemed to be a denial of a reasonable accommodation request. Multiple requests were made, many were granted, but none were requested by Williams based on disability. Her requests changed multiple times and the explanations provided were often inconsistent, however, the explanations did not state the accommodation Williams set forth in the Charge.

Further, Williams was not treated any differently than the other employees in the Security Department, which notably consisted of several female and African American employees. All members of the Security Department were provided the same opportunity by the supervisor to express their preferred schedules, although only two had any seniority rights to any particular shift. Williams was not targeted by her supervisor. HR required all employees to provide return to work notice after going to the hospital.

Williams was not subjected to discrimination or racial profiling by her supervisor. Williams' complaint was promptly investigated and determined to be

Respondent's Position Statement, Charge No. 525-2023-02102
April 11, 2024
Page 11 of 11

without merit.  Williams was given an assignment based on her demonstrated skill in recognizing and identifying patrons, not because she was black. The assignment was relayed to Williams by her supervisor, however, it was at the recommendation of the Peacemakers' supervisor, a black male.

Finally, Williams was not retaliated against for making complaints of discrimination.  Each complaint was addressed promptly and discussed with Williams. Following the complaints, her supervisor continued to recognize Williams' efforts on the job and accommodated several requests for schedule changes. Respondent made numerous attempts to maintain Williams' employment.  Williams was provided the same opportunity to apply for another position with the B&ECPL as others who also did not pass the Civil Service Examination.  However, Williams failed to demonstrate a basis for her leave of absence or her ability to return to work upon expiration of her temporary leave, and therefore, was terminated.

Based on the foregoing, the Charge should be dismissed.

Sincerely,

Jeannine M. Purtell, Esq.
Deputy Director

cc: John Spears, Director

Attachments

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

*Shawnese Y. Williams (pro se)*

## DEFENDANTS

*Buffalo & Erie County Library*

**(b)** County of Residence of First Listed Plaintiff  *Erie*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  *Erie*
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
*N/A   Pro Se*

Attorneys *(If Known)*

25 CV 437

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ❑ 3  Federal Question *(U.S. Government Not a Party)*
- ❑ 2  U.S. Government Defendant
- ❑ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal | ❑ 376 Qui Tam (31 USC |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❑ 140 Negotiable Instrument | Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted | Liability | ❑ 368 Asbestos Personal | | ❑ 835 Patent - Abbreviated | ❑ 460 Deportation |
| Student Loans | ❑ 340 Marine | Injury Product | | New Drug Application | ❑ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❑ 345 Marine Product | Liability | | ❑ 840 Trademark | Corrupt Organizations |
| ❑ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | ❑ 371 Truth in Lending | Act | ❑ 862 Black Lung (923) | Protection Act |
| ❑ 190 Other Contract | Product Liability | ❑ 380 Other Personal | ❑ 720 Labor/Management | ❑ 863 DIWC/DIWW (405(g)) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Property Damage | Relations | ❑ 864 SSID Title XVI | ❑ 850 Securities/Commodities/ |
| ❑ 196 Franchise | Injury | ❑ 385 Property Damage | ❑ 740 Railway Labor Act | ❑ 865 RSI (405(g)) | Exchange |
| | ❑ 362 Personal Injury - | Product Liability | ❑ 751 Family and Medical | | ❑ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | ❑ 791 Employee Retirement | ❑ 870 Taxes (U.S. Plaintiff | ❑ 895 Freedom of Information |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ❑ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party | ❑ 896 Arbitration |
| ❑ 240 Torts to Land | ❑ 443 Housing/ | Sentence | | 26 USC 7609 | ❑ 899 Administrative Procedure |
| ❑ 245 Tort Product Liability | Accommodations | ❑ 530 General | | | Act/Review or Appeal of |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ❑ 462 Naturalization Application | | ❑ 950 Constitutionality of |
| | ❑ 446 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | | State Statutes |
| | Other | ❑ 550 Civil Rights | Actions | | |
| | ❑ 448 Education | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❑ 2  Removed from State Court
- ❑ 3  Remanded from Appellate Court
- ❑ 4  Reinstated or Reopened
- ❑ 5  Transferred from Another District *(specify)*
- ❑ 6  Multidistrict Litigation - Transfer
- ❑ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- ❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *500,000*

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  *5/21/25*

SIGNATURE OF ATTORNEY OF RECORD  *Shawnese Wms*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____